

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. W. Pitman
County Auditor
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. 0-5336
Re: Is it legal for a county
auditor, assistant county
auditor, county treasurer
and deputy sheriff all of
whom are on a straight sal-
ary basis to qualify as a
Notary Public and devote a
portion of their time to
such duties while on duty
for the county, and charge
a fee for such services for
their own use and benefit?
And another question.

Your letter of May 24, 1943, requesting the opinion
of this department on the questions stated therein reads as
follows:

"The writer has two questions that has been
raised and seems that it will be necessary for me
to have opinion in order to take care of them sat-
isfactorily to all parties concerned.

"First:- Is it legal for a County Auditor,
Asst. County Auditor, County Treasurer and/or Dep-
uty Sheriff, all of whom are on straight salary
basis from county to qualify as a Notary Public
and devote a portion of their time to such duties
while on duty for the county, charging a fee for
such services for their own use and benefit?

"Second:- In a county where county officials
are compensated on salary basis, can a County At-
torney charge 4 cents per mile for use of his auto-
mobile while attending Justice Court in the various

Honorable H. V. Pitman, page 2

J. P. Precincts in the county?  If so, can it be
taxed as costs against the defendant when convic-
tion is had or from what fund should it be paid?"

Section 40, Article XVI of the State Constitution,
provides in part:

"No person shall hold or exercise, at the
same time, more than one civil office of emolu-
ment, except that of justice of the peace, county
commissioner, notary public and postmaster, . . .
unless otherwise specifically provided herein.
. . ."

With reference to the foregoing constitutional pro-
vision the Supreme Court of Texas in the case of Geal v. Thomp-
son, et al., 14 S. W. 365, said:

". . . Does this mean that an incumbent can
hold either of the offices named, and at the same
any other office, or that he can only hold two
offices when both are among those specifically
designated?  We think the former is the proper
construction.  The language is copied mainly from
section 26 of Article 7 of the Constitutions of
1845, of 1861, and of 1866, which is the same in
each of those instruments, and reads as follows:
. . .  It is clear that under this section any
justice of the peace might hold another office.
Howell v. Wilson, 16 Tex. 59.  The office of jus-
tice of the peace was made an exception to the
general rule, and the inference from the use of
the same language in the present Constitution
with the mere addition of other offices, is strong
that it was not meant in any manner to change the
general rule, but merely to make additional ex-
ceptions.  The other construction would materially
modify the general effect of the provision.  It
would prevent even a justice of the peace from
holding any other office except one of those spe-
cially named, and would be a radical departure
from the provisions of all previous constitutions
on the same subject.  Constitution, 1869, Article
3, Section 30.  If the language of the provision
in question had been except those of justice of

Honorable H. W. Pitman, page 3

the peace, etc., there may have been more doubt about the construction; but the words are except that, etc., and they indicate that it was intended that a person might lawfully hold any office, and in addition thereto either of the offices enumerated. The use of the word 'those' but has suggested the construction that an incumbent could only lawfully hold two offices at the same time, when both were offices specifically named in the section. If the allegations of the petition are true, we are clearly of the opinion that the appellant did not vacate his office of county commissioner by accepting that of mayor. Such we understand to have been the ruling of the court below. But, because the appellant did not make all the members of the commissioners' court party to the suit, the judgment is affirmed."

This department has written numerous opinions holding that certain county officials are not prohibited by law from holding the office of notary public while holding their respective offices. However, on the other hand, this department has written opinions holding that certain county offices are incompatible with the office of notary public and that a person holding such office cannot at the same time hold the office of notary public. For example, it is held that the office of county clerk and/or deputy county clerk are incompatible with the office of notary public and that a person holding the office of county clerk and/or deputy county clerk cannot at the same time hold the office of notary public. This department has held that the office of notary public and county treasurer are not incompatible and that the county treasurer is not prohibited by law from holding the office of notary public while holding the office of county treasurer. For the purposes of this opinion we do not deem it necessary to enumerate or mention all the opinions regarding your first question.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the offices of county auditor, assistant county auditor, county treasurer and deputy sheriff are not incompatible with the office of notary public and that a person holding either of the foregoing offices can at the same time legally hold the office of notary public. All of the above mentioned officials who are duly qualified notaries public may legally charge the fees provided by law for their services as such when acting in the capacity of a notary public.

Honorable H. W. Pitman, page 4


The county officials of Fayette County are compensated on an annual salary basis.

With reference to your second question your attention is directed to our Opinion No. 0-3670, holding "that the commissioners' court of Smith County would have authority to allow the county attorney reasonable necessary traveling expenses for the attending justice courts of the county and that the method of compensation of such expenses allowed, if any, would be for the commissioners' court to determine in their sound discretion."

The statutes are silent as to the rate per mile to be allowed the county attorney. However, in view of our Opinion No. 0-3670 and Article 3899, Section (b), Vernon's Annotated Civil Statutes, it is our opinion that the commissioners' court of Fayette County has authority to allow the county attorney reasonable and necessary traveling expenses for attending justice courts of the county. The amount, and the method of computation of such expenses allowed, if any, would be for the commissioners' court to determine in their sound discretion. Such expenses cannot legally be taxed against the defendant. If such expenses are allowed by the commissioners' court, such expenses must be paid out of the officers' salary fund in strict compliance with Section (b), Article 3899, Vernon's Annotated Civil Statutes.

We enclose a copy of our Opinion No. 0-3670.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 2, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By Ardell Williams

Ardell Williams
Assistant

AW:db

Enclosure

